Good morning, your honors, and may it please the court. My name is Braddock J. Huseman from the office of Braddock J. Huseman, and I represent the appellants in this matter, the Northern Maryland Islands Retirement Fund, its Board of Trustees, and the three trustees that have been named in their official capacities. I guess the first question we want to hear from you about, Mr. Huseman, is whether we have a final appealable order in this case. I believe we do, your honor, for two reasons. The first of which is the order itself indicates that it is a final order as to the question of the motion to dismiss on the excerpts of record, page 11. And so where's the final judgment? I read that language to say, I have jurisdiction over this action, and we're going to proceed to conduct discovery and motions practice and maybe even a trial, and someday there will be a judgment, but not today. Well, and we agree with that. That's what the court wanted to do, and we believe that's why it's a final appealable order under the collateral order doctrine. It foreclosed my client's immunity defense, which is they are not persons under 1983. And the plaintiffs may not maintain a suit against the Commonwealth, the Commonwealth's government agencies. But there's no judgment that's been entered to that effect. At this point, the court is simply entering a stay. I mean, that's the caption of the order. It doesn't say anything about ruling on qualified immunity issues or anything like that. And I understand that, your honor, but to enter into a stay, the court has to have some sort of jurisdiction. You're not answering Judge Solomon's question. The district court can have jurisdiction to do something and then proceed to other parts of the case. The question here is whether you have an appealable order to our court. And I'm frankly baffled how you're relying on Cohen, particularly in light of the Mohawk decision. How the heck do we have jurisdiction under the collateral order doctrine? Can you explain to me how you get here through that? Yes, your honor. The parties have, well, the agencies, in this case, have immunity. They're not persons. But immunity isn't jurisdictional. I guess maybe that's where we're talking apples and oranges, unless that's your position. Well, my position is that if they're not persons, there's only one. A federal court has limited jurisdiction. There is either diversity of jurisdiction or federal question jurisdiction. The only federal question jurisdiction, there is no diversity. It was not pled in this case. I don't believe diversity is possible in this case. The only area to get into federal court is the 1983 federal question jurisdiction, and everything else is supplemental jurisdiction. Well, let's say you're correct, and let's say that everything went through a normal process in the district court. Why would that be effectively unreviewable on appeal from a final judgment? So I say there's no subject matter jurisdiction, for example. Why couldn't, after the case is completed and then under 1291, why couldn't the court of appeals say, you know, you should have heard this in the first place. There was no jurisdiction. Why do we get up here on Cohen in a situation that seems to be almost a garden variety stay motion? Because the clients in this case, the agencies, have a right not to stand suit under 1983. It's not what Mohawk says, and that's certainly not what Cohen says. Do you have a case that says to the contrary? Well, it's my understanding that under qualified immunity and under absolute immunity, you have a right not to main – you have a – the client or the agency that's being sued has a right not to stand trial, and that that right to not stand trial is violated if it goes beyond – if, you know, it needs to be resolved at the earliest possible. Well, counsel, you've been arguing this is an interlocutory appeal. Yes, Your Honor. Under 1292? No, under 1291. 1291? Yes, Your Honor. In other words, the court of order doctrine allows for appeals, direct appeals to this court for when there is immunity at stake. And although we don't have 11th Amendment immunity, the agencies don't have 11th Amendment immunity, the agencies do have the right not to stand suit because there are not persons under the statute. Why didn't you ask the district court to enter judgment to that effect? That is an excellent question, Your Honor. I was not the trial counsel at the time. I believe they were operating under a time constraint, but I can't answer that question. I wasn't there. Well, how about 1292B? 1292B, that would have – it's the same answer. I wasn't the trial counsel. But I would say that in this case, I believe 1291 is appropriate. The fund and the trustees and the official capacities are not liable for damages. But, again, with respect, counsel, you know Cullen has three prongs that have to be satisfied here. How does your interlocutory appeal satisfy any, let alone all, of these three prongs? Just take them one at a time. How does this conclusively determine the disputed question? I believe this conclusively determines a disputed question in that the parties, excuse me, the agencies ask to be dismissed from this lawsuit because they don't have the right to be – they have a right to – Because you have a 12B6 issue, right? Yes, Your Honor. Okay. And are there ever 12B6 issues that go all the way through trials or whatever and ultimately are found to have been – the 12B6 should have been granted by the court? I don't dispute that there are 12B6 issues further stated claim for any number of reasons that aren't immediately appealable. I would not dispute that. But I would say that this is no different than if there was a 12B6 on a qualified immunity case where it's a strict issue of law and there is the ability to bring it to the court's attention. Let's go to the second one. Resolve an important issue completely separate from the merits of the action. How does that occur in this situation? And this is completely separate from the merits of the action. But you said it went to the very heart of the claim, which is that there's no jurisdiction. Well, and if there is no jurisdiction, that goes – the heart of the claim actually here, I would say, Your Honor, as I understand it from the Rose, is that the agencies have failed to collect a judgment. This has nothing to do with whether or not they failed to collect a judgment. Whether or not they failed to collect a judgment isn't important to the question of whether or not – It's an injunctive action, is it not? As I understand their theory, we are suing the trustees for breach of their fiduciary obligations to the beneficiaries of the fund because they have obtained a default judgment now worth some $300 million, and they've taken no action to execute on that judgment. And we're worried, even though we're still being paid our health and retirement benefits, we're worried that the money's about to run out and that if they don't get more money in satisfaction of the judgment, then there isn't going to be anything left to pay any of the beneficiaries. Yes, Your Honor, but they're not seeking damages. They're seeking an injunction in essence to make the trustees do what they have a fiduciary obligation to do. I agree with that, Your Honor, but they're also seeking damages under the – they've asked for, if you look at the request for relief, they've asked for damages, partially against the co-defendant of the government. They're not here today. But their position is that they can't be sued at all. And I guess even if I were to grant you your argument that they can't be assessed damages, monetary damages, why doesn't the court continue to have jurisdiction over them for injunctive purposes, equitable relief? Well, I would say that the court has jurisdiction – would have jurisdiction over three of the trustees named officially, but not the board of trustees as a corporate body. If you're only talking about injunction, injunctive relief, I don't understand the distinction between the three trustees and the rest of the board. Doesn't every member of the board have a fiduciary obligation in order to look after the beneficiaries of the fund? Yes, Your Honor, but not every member of the board was sued officially. Only three members were sued officially. The rest – the board has been named in its corporate agency name. I guess I'm – you're losing me on that one. If the court has – if the court is being asked to enter equitable relief, the relief that presumably would be entertained would be some kind of an affirmative injunction that requires the trustees to take action. And the action might well be to prosecute writs of garnishment against the bank accounts of the commonwealth in order to satisfy the judgment. Yes, Your Honor, the individual trustees could be named as official trustees, but the board of trustees, again, is an agency of the commonwealth government and under 1903 is immune. The – if you're just seeking – and there is – there's a second part of the problem here, that there is no due process claim and that the commonwealth has a law that forbids collection. This is why we haven't been able to collect. The commonwealth has a law that forbids collection, like most states do, without governmental appropriation. And so in this case – But that goes to defenses that the fund might raise in the district court. Yes, to the granting of injunctive relief. We're not there yet. Right now we're simply trying to decide, first of all, whether or not a federal court has jurisdiction to hear this action. And more importantly, as my brother Smith has been questioning you about, on what are you doing here at this stage of the litigation? What's the basis of our jurisdiction? And I can point to a similar – it's not exactly similar, but there's the case, and I can – I don't have the numerical site, but Hart v. Mangolonia is the same kind of case where the Ninth Circuit decided that case. It was an interlocutory appeal based on qualified immunity right from a 12b6 stage. And that is because the Ninth Circuit and the Supreme Court have said that immunity needs to be decided at the earliest possible stage. All right, counsel, you're down to about three minutes. Do you want to reserve or – Yes, I do, Your Honor. Thank you. Very well, you may do so. We'll hear from Mr. Jorgensen. Thank you, Your Honor. I – it's very clear in our minds that – Would you kindly identify yourself? I'm sorry, Your Honor. I'm Bruce Jorgensen, and I am the counsel for the Roe and Doe plaintiffs in this mercy area. Very well. Your Honor, we concur with the view that I think that the panel has that there was obviously no intent as to finality in this judgment. In that regard, I would refer the panel to the courts which – the orders which followed the January 25th order of 2010. Those were an April 14th order issued by the district court judge and also the April 9th order in which – Now, are these orders in the excerpts? Yes, they are, Your Honor. All right. And, indeed, in the April 9th order, the first and second page, the judge remarks it quite the contrary. He's not a final order in any regard. I'd also point the panel's attention to the transcript of the Senate Superior Court proceedings which occurred on February 26th, 2010, which are attached as exhibits to one of the excerpts. What's the current status of the proceedings in the Superior Court? Your Honor, at the present time, those proceedings have been removed to the federal court, again by me as counsel for an entity known as the Commonwealth Retirement Association. Following the January 25th order in this matter, the Commonwealth Retirement Association, which is a nonprofit entity, was allowed to intervene post-judgment in the Superior Court proceeding. Now, that was a year and a half ago or a little more than that. Nothing was done in the interim. And then about a month ago, the presiding judge in the Superior Court issued a ruling. Well, several things happened. First, it was determined that only about $270 million remained in the fund itself. Then the Superior Court judge issued a ruling in which he purported to set aside $100 million to be held in reserve for a class of prioritized beneficiaries. Well, wouldn't that take care of your clients? No, Your Honor, because that would leave the fund assets down to $170 million, and the funds would be exhausted in less than two years. We also found that the CNMI, while it had budgeted $15 million or $16 million last year to be paid to the fund, only paid $400,000. So let me get back to the interlocutory issue. Referring to the April 9th order, which I gather you cite as evidence of the district court's intentions, the district court there specifically indicated that counsel or the appellate had not sought 1292 permission from the court and indicated that that was necessary to move forward. Yes, Your Honor. From your perspective, is there anything besides this that we should consider in determining whether the district court had any intent whatsoever that its orders to that point were final? Yeah, I just think that says it absolutely all. And I'm quite frankly baffled as to why we're here. Was there ever any discussion of Cohen or anything like that in the district court? No, Your Honor. Did that come up subsequent? No, that never came up, Your Honor. I guess I'd like to have a further explication of where things stand. Yes, please. I understood Judge Munson to have given the parties 60 days to go back to the superior court in the hope that the superior court was conducting, I don't know whether you'd call it a mediation or doing something with the cooperation of all the parties to try and resolve this thing. But now you say that that action has essentially been removed from the jurisdiction of the superior court? It was removed approximately one month ago and is now a proceeding at the federal district court level. So there's nothing left at this point in the superior court? No, however, there is a pending motion to remand. The civil number in the removed proceeding is 11-18. Okay. And what essentially happened, Your Honor, is that there were no meaningful efforts to collect on this judgment. Over the course of the interceding two years or so, the fund's assets have dwindled down to 270 million. The presiding judge of the superior court ordered 100 million set aside to be paid out to the employees who are still actively employed. In other words, they could withdraw their employee contributions. And none of them are within your client group. I represent my two clients in this proceeding are not actively employed. However, with respect to my client in the removed proceeding, they're both active and inactive. The gist of it, though, Your Honor, is that the fund will be left with 170 million. It's paying out 70 million a year. And no meaningful efforts have been initiated to collect. And meanwhile, the fund itself, which has a fiduciary duty to collect, it is the fund that moved to remand the matter to the superior court. The fund is combating our efforts to get federal collection, enforcement, and jurisdiction. And we just don't understand why because one of the fears that the superior court judge expressed was that somebody was going to ask for the appointment of a receiver to take this whole thing away from the management by the fund, in which case the superior court judge would lose all authority to do anything in this matter. And, in essence, we would be left to litigate over whether or not the receiver was appropriately administering the assets, presumably under the supervision, I guess, of a federal court. Is that? Well, he did express that. And, again, in that transcript of February 26, 2010, you can read about the fears that he then expressed. However, what he's done now, effectively, two years post-judgment with nothing collected, is he has essentially transposed the superior court proceeding into a receivership where he is himself acting as the receiver, and he's a member of a class with priority benefits. And he's also recognized, both in his judgment and in proceedings before that court, that the superior court cannot collect on his judgment without appropriation from the CNMI, which it's not going to get. And he's remarked in his judgment, which is an excerpt from the record as well, that he recognizes that the federal courts can enforce his judgment and, indeed, have far broader equitable remedies to enforce his judgment. And we feel that a creditor's bill on equity, together with the receivership, is what's needed. There's no doubt that the fund is going to be inviolable in another year or two. Well, with Judge Munson's retirement, I noticed that one of the subsequent orders was entered by a visiting judge. I believe it was Judge Bennett from Iowa. Yes, it was, Your Honor. Most of the federal judges signed on this case now. Anybody? Well, first it was Judge Bennett. Right. And at that time, Judge Munson's career law clerk was still in the game. However, he then retired. Judge Bennett was then replaced by Judge Hayes. Now, what happened is, when I found out that the fund had been dwindled. Out of San Diego? Yes. Okay. The fund had been dwindled to $250,000 or $250 million as of this summer. And at the same time, we found out that the fund's lawyers had been paid approximately $500,000 over the past year or two, while only $400,000 had been paid into the fund. Not a penny had been collected. And so I cited those as changed circumstances and moved to lift the stay around May or June of this year. However, within a day either before or after of the notice of this appellate hearing, Judge Hayes then issued an order denying the motion to lift the stay and indicating that I could reapply for a lift of the stay and had to cite changed circumstances. Is there some potential that this case and the removed case to the district might be consolidated? Yeah, that's precisely what I'm working on as we speak. But we have no Article I judge appointed to replace Judge Munson, do we? You recently did, and her name is Judge Ramona Villa-Gomez-Magnolia. She was a CNMI Superior Court judge, and her husband is a CNMI Supreme Court justice. And indeed, this case was assigned to her while she was at the Superior Court. She issued an order of self-recusal, rightfully so, saying, look, I'm a judge, I'm a beneficiary, my husband, you know, et cetera, et cetera. She recused herself. Judge Govindo hasn't. This case, when she was confirmed a few months ago, this case went to her. She issued a self-recusal as a federal judge in the case. And so has Judge – and she also referred it to Justice Kaczynski for reassignment. Okay, that was going to be my next question. It sounds to me like the circuit needs to exercise some supervision here to make sure that we get an Article III judge assigned to the federal litigation so that you've got somebody that you can turn to for whatever relief either party wants to seek from the federal court. Well, when you say Article III judge, as you know, the district judge is in Saipan and Guam and not Article III. I understand that, but if what you tell us is correct and the Article I judge recently confirmed is recused, then it seems to me we should probably communicate with our chief judge to make sure that a judge from off the island is designated to handle this litigation so that you don't have to go through four different judges. We need somebody who can maintain some continuity with this litigation. We certainly do. If there's any credence to the axiom justice delayed is justice denied, we've had injustice going on for two years now. Regardless of the merits, it's obviously something needs to get straightened out here in terms of precisely where we are procedurally. Yes, Your Honor. Very well. Anything further? Now that we've touched on the ancillary proceeding 11-18, I have nothing to add further. Very well. Thank you, Counselor. Thank you very much. My apologies for the delay. As a visiting attorney, I left my jacket in Ed O'Leary's office and it was his. You made it in the nick of time, Counsel. Mr. Wissman, you have some reserve time. I would just like to try and address Judge Smith's questions regarding the inauguratory nature. Judge Smith, maybe I'm not understanding your question on this correctly, but it is my understanding that under Ninth Circuit law, immunity may be resolved and should be resolved at the earliest possible time. Well, let's say that's true under 1983. But in this particular case, and indeed there's, I believe, a separate statutory provision that permits that. But in this case, you're not dealing with something like that. You're dealing with an interlocutory appeal, which can only come in certain ways. You've contended that this is a final decision on the part of the district court. I'll tell you flat out, that is not so. The question is whether you qualify for 1292B or 54B or 1292B or something else. And it seems like the district court judge made it very clear there was no request for 1292B relief. I'm not understanding where under Cohen and its progeny, say at the very least, that this would be effectively unreviewable on appeal from a final judgment. I don't see that. That's my problem. And just so I understand, when you say final judgment, you're not talking about It is my understanding that if the agencies have to go through an entire trial to prove that they are, in fact, not a person, their immunity from suit, they will have to have gone through the entire trial to prove they were not a suit, and they have lost the ability to prove. If you're talking about the judgment, the actual order appealed, and what we actually needed was a separate document from the judge saying, your motion to dismiss has been denied. My response to that would be, I understand that the state was put in place, the Colorado River State was put in place. The court needed concurrent jurisdiction to move forward with the Colorado River State, and that the concurrent jurisdiction comes from the 1983 action. Without that 1983 independent 1985 action, there isn't any concurrent jurisdiction. And that is why it was appealed. Counsel, I would be very much interested in any comments you wish to make with respect to our colloquy with Mr. Jorgensen on the status of the proceedings in the superior court and the removal. Mr. Jorgensen has removed the proceedings from superior court to federal court. The underlying action, we have moved it, we've asked it be remanded back to superior court. The reason we've done that, I don't know how interested the court is in this fact, but you can stop me at any time, but they've intervened as plaintiffs, plaintiff interveners. It's federal question jurisdiction. As he stated, it's been a year and a half since the association intervened. We don't believe that's timely. My client actually does not have a problem with getting into federal court. But as this court knows, the Ninth Circuit has a general prohibition on state agencies suing their creator in federal court for federal constitutional claims. That's why this case wasn't originally brought in federal court to begin with. That's the problem we have here. And that would be part of, and this is all part of the problem we have with this case. How do we avoid the problem that there isn't any superior court judge in the Commonwealth who doesn't have an inherent conflict because he or she is a beneficiary of the fund? There are two ways to deal with that. One, there is a judge currently. Judge Perrinos is not a member of the fund. He's just recently appointed. The other issue is if the beneficiary isn't. Judge Gabendo took the case over under, I believe, and I'm not involved in that case, but I'll give you the best I can on that. The judge Gabendo took that over. He cited the rule of necessity. There are Guam judges and justices who could be appointed to hear this case that are not members. Our point to Mr. Jorgensen has always been the same. You can represent your clients, go into superior court, and ask for those things to be done. That's never been done. There's been no effort to intervene in the superior court case by Mr. Jorgensen. And that's his choice. That's fine. But there seems to be, instead of running to federal court to do an 83 action, which quite frankly I don't think has any merit, there were some steps that needed to be taken in the superior court case, and they just weren't done here. But there are alternatives in the superior court. Well, I assume the superior court has the same, I don't know the laws of the Commonwealth, but I assume it would have the authority to appoint a receiver if that's appropriate. Yes, it would, Your Honor. But then I guess the question becomes is that an effective remedy given the constraints of Commonwealth law with regard to executing on a judgment which essentially runs against the Commonwealth? The problem here is a problem, I mean, I think the Commonwealth is going to be the first of many of these problems. California isn't very far behind. Illinois not far behind that, maybe in front of them. The sovereigns have made promises that they may or may not be able to keep, and it's going to be a political battle on whether or not they keep those promises, which was why this case was brought in the first place. The trustees brought this case in superior court. They knew the limitations. They didn't file it in federal court for the reasons I submitted, that they didn't file it in federal court. That would have been bad faith. And they tried to bring the Commonwealth's attention, particularly the legislature's attention. Now, I'll be very candid. I don't think the legislature is going to follow through on the promises that previous legislatures have made and that they have made, but that is the problem. But to address your concern regarding the judges in the case, there are available different judges. That point could be made. It just hasn't been made yet. Very well. Okay. Thank you, counsel. The case just argued will be submitted for decision, and the court will adjourn.
judges: O'scannlain, Tallman, Smith